IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

NUVASIVE, INC.,

                **Plaintiff,**

-vs-                                                Case No. A-12-CA-1156-SS

LAURA LEWIS,

                **Defendant.**

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Laura Lewis's Motion to Expedite Briefing and Consideration of Lewis's Motion to Strike [#73], Plaintiff NuVasive, Inc.'s Response [#76], and Lewis's Reply [#77]; Lewis's Sealed Motion to Exclude or Limit the Testimony of Gary Durham [#87], and NuVasive's Responses [##98, 101]; Lewis's Sealed Motion to Strike Plaintiff's May 28 Second Supplemental Report of Gary Durham [#88], NuVasive's Response [#79], and Lewis's Sealed Reply [#91]; Lewis's Motion to Bifurcate the Issue of Exemplary Damages [#92], NuVasive's Response [#110], and Lewis's Reply [#136]; NuVasive's Motion for Sanctions and Spoliation Presumption [#103], and Lewis's Response [#137]; Lewis's Motion to Strike Untimely Disclosed Witnesses [#104], and NuVasive's Response [#122]; NuVasive's Redacted [#107] and Sealed Motions in Limine [#114]; Lewis's Sealed Motion in Limine [#116], and NuVasive's Response [#129]; and numerous motions for leave to file under seal [##102, 117, 119, 121] and exceed page limits [##120, 138]. Having reviewed the documents, the governing law, the arguments of counsel at the hearing, and the file as a whole, the Court confirms its oral rulings as follows:

The first issue is the proposed expert testimony of NuVasive's damages expert, Gary Durham. The Court DENIES Lewis's *Daubert* motion [#87] without prejudice to making timely objections to Durham's testimony at trial. As the Court explained at the hearing, any *Daubert* based objections will be handled at trial by hearing the testimony outside the presence of the jury, and the losing party (whether the party offering the testimony or the party objecting) shall be charged with the time it takes to do so. The Court GRANTS Lewis's motion to strike Durham's May 28 Second Supplemental Report [#88]. The report is not timely under the parties' agreed scheduling order, and is not a "supplement" because Mr. Durham testified the information forming the basis for his expanded damages model was in his possession at the time he issued his original report in November 2013. Mr. Durham simply changed his mind about the scope of NuVasive's damages one month before trial. Mr. Durham's expert testimony will be limited to the scope of his original November 2013 expert report; however, Lewis's counsel must make timely objections if Durham's testimony exceeds that scope. The motion for expedited consideration [#73] is DISMISSED.

Lewis's Motion to Bifurcate [#92] is DENIED.

NuVasive's Motion for Sanctions [#103] is DISMISSED without prejudice to requesting an adverse inference jury instruction at trial if the evidence supports such an instruction.

Lewis's Motion to Strike Untimely Disclosed Witnesses [#104] is GRANTED IN PART and DENIED IN PART. Christine Collins, the substituted corporate representative, will be allowed to testify. However, the scope of her testimony shall be limited to the scope of the prior corporate representative's deposition testimony. Counsel must make timely objections if the testimony exceeds that scope. Michael Amon is simply an untimely disclosed rebuttal witness and will not testify.

The Motion to Compel [#121-1] contained within NuVasive's Response to Lewis's Motion in Limine is DISMISSED. The motion was an unnecessary result of the failure of counsel in this case to communicate with one another.

Finally, each party has filed motions in limine. With respect to NuVasive's Motions in Limine [##107, 114], the Court GRANTS numbers 5, 6, 7, 9, 11, 13, 14, 17, 18 and 19; the Court DENIES numbers 1, 2, 3, 4, 8, 10, 12, 15, and 16. With respect to Lewis's Motion in Limine [#116], the Court GRANTS numbers 2, 3, 5, 7, and 10; the Court DENIES numbers 1, 4, 5, 6, 8, 9, 11, 12, and 13. As the Court explained at the hearing, this order is not an order on admissibility, but merely an instruction concerning the motions in limine. Counsel should approach the bench and give notice to opposing counsel and the Court before getting into, directly or indirectly, any topic covered by a granted motion in limine. Counsel must make appropriate and timely objections to the introduction of any evidence during trial or the Court will consider the objections to have been waived.

Accordingly,

IT IS ORDERED that Defendant Laura Lewis's Motion to Expedite Briefing and Consideration of Lewis's Motion to Strike [#73] is DISMISSED;

IT IS FURTHER ORDERED that Lewis's Sealed Motion to Exclude or Limit the Testimony of Gary Durham [#87] is DENIED without prejudice to making timely objections at trial;

IT IS FURTHER ORDERED that Lewis's Sealed Motion to Strike Plaintiff's May 28 Second Supplemental Report of Gary Durham [#88] is GRANTED. Mr. Durham's expert testimony will be limited to the scope of his original November 2013 expert report.

IT IS FURTHER ORDERED that Lewis's Motion to Bifurcate the Issue of Exemplary Damages [#92] is DENIED;

IT IS FURTHER ORDERED that NuVasive's Motion for Sanctions and Spoliation Presumption [#103] is DISMISSED without prejudice to requesting an adverse inference jury instruction at trial if the evidence supports such an instruction.

IT IS FURTHER ORDERED that Lewis's Motion to Strike Untimely Disclosed Witnesses [#104] is GRANTED as to Mr. Amon and DENIED as to Ms. Collins. Additionally, Ms. Collins's testimony will be limited to the scope of the former corporate representative's deposition testimony.

IT IS FURTHER ORDERED that NuVasive's Redacted [#107] and Sealed Motions in Limine [#114] are GRANTED IN PART and DENIED IN PART as described in this opinion;

IT IS FURTHER ORDERED that Lewis's Sealed Motion in Limine [#116] is GRANTED IN PART and DENIED IN PART as described in this opinion;

IT IS FURTHER ORDERED that the numerous motions for leave to file under seal [##102, 117, 119, 121] and exceed page limits [##120, 138] are GRANTED. To the extent any motion for leave to file under seal results in the separate docketing of a sealed version of a motion previously docketed in redacted form and addressed in this opinion, the sealed motion should be disposed of in the same manner as the redacted version of the motion.

IT IS FURTHER ORDERED that the Motion to Compel [#121-1] contained within NuVasive's Response to Lewis's Motion in Limine is DISMISSED.

IT IS FINALLY ORDERED that this case remains set for JURY SELECTION AND TRIAL on July 7, 2014 at 1:30 p.m.

SIGNED this the 26th day of June 2014.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE